IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-11 |
| | ) | (VARLAN / SHIRLEY) |
| MARIO MELGAR, and | ) | |
| JOSE ALBERTO AGUIRRE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter came before the Court on March 6, 2008 for a Pretrial Conference. Attorney Craig P. Fickling ("Attorney Fickling") appeared on behalf of Defendant Melgar, who was also present. Attorney Randy Reagan ("Attorney Reagan") appeared on behalf of Defendant Aguirre, who was also present. Attorney Assistant United States Attorney Hugh Ward, Jr. ("AUSA Ward") appeared on behalf of the government. Interpretative services were provided for both Defendants by Chandler Thompson.

At the Pretrial Conference, Attorney Reagan, on behalf of Defendant Aguirre, made an oral motion to continue the March 25, 2008 trial date. Attorney Fickling, on behalf of Defendant Melgar, joined in the motion. The government did not oppose the motion. Attorney Reagan argued a continuance is necessary in order to adequately prepare for trial in light of his recently been retained by Defendant Aguirre. Attorney Fickling shared the same concern of not having adequate time to prepare for trial since he, too, was recently retained by Defendant Melgar. When questioned by the

Court, both Defendant Melgar and Defendant Aguirre stated they understood their right to a speedy trial, have no objection to a continuance, and believes it is in their best interest to continue the case in order to fully review the case file with their new attorneys and have the opportunity to file any applicable pretrial motions. Defendants Melgar and Aguirre stated they understood they will remain in jail pending their new trial date.

The Speedy Trial Act authorizes the Court to grant delays where the Court finds that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). Section 3161(h)(8)(A) requires the Court to make a finding after carefully considering and balancing multiple factors, including the factors listed in Subsection B. The Court finds that Defendants' request for a continuance of the March 25, 2008 trial date is well-taken and that the ends of justice served by granting the oral motion outweigh the best interest of the public and Defendants in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A). The Court notes that new defense counsel has just taken over the case for both Defendants Melgar and Aguirre. Counsel will need time to review discovery and prepare motions on their clients' behalf. See 18 U.S.C. § 3161(h)(1)(F). The Court will then need time, not to exceed thirty days, to prepare a Report and Recommendation to the District Court. See 18 U.S.C. § 3161(h)(1)(J). After such ruling, either party will have ten days to register an objection with the District Court. Should objections be made, the District Court will require a meaningful period of time to review the record and the issues presented. Finally, the parties will need time to prepare for trial in light of the rulings on these motions. The Court finds that all of this could not take place before the March 25, 2008 trial date or in less than six months. Without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. §

3161(h)(8)(B)(iv). Thus, the Court has reset the trial to **August 18, 2008.**

The Court agrees with the parties that the ends of justice served by granting a continuance outweigh the interest of Defendant and the public in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A). The Court finds that the time between the date of the pretrial conference, March 6, 2008, and the new trial date of **August 18, 2008** is properly excludable from the operation of the Speedy Trial Act and that the need for counsel to review the case file and any discovery provided as well as the possibility of the filing of pretrial motions outweigh the interests of Defendants and the public in a speedy trial. Accordingly, Defendant Aguirre's oral Motion for Continuance is **GRANTED**. All pretrial motions on behalf of Defendants shall be filed by **April 15, 2008** with responses due from the government on **April 29, 2008.** The Court will hold a evidentiary hearing/pretrial conference on **May 15, 2008.**

Accordingly, it is **ORDERED**:

(1) Defendant Aguirre's oral Motion for Continuance is **GRANTED**;

(2) The trial of this matter is reset to commence on **August 18, 2008**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(4) All the time between the **March 6, 2008** hearing date and the new trial date of **August 18, 2008**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(5) Pretrial Motions shall be filed by **April 15, 2008**, and responses shall be filed by **April 29, 2008**;

(6) A Motion Hearing/Pretrial Conference will be held on **May 15 2008 at 9:30 a.m.**, before the Honorable C. Clifford Shirley, United States Magistrate Judge;

**IT IS SO ORDERED.**

                                      ENTER:

                                      s/ C. Clifford Shirley, Jr.
                                      United States Magistrate Judge