UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:08-CR-11 |
| V. ) | (VARLAN/SHIRLEY) |
| ) | |
| MARIO MELGAR and ) | |
| JOSE ALBERTO AGUIRRE, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This criminal action is before the Court on defendant Jose Alberto Aguirre's Request for Pretrial Disclosure of Rule 404(b) Evidence [Doc. 33], Motion for Pretrial Production of Witness Statements [Doc. 34], Motion for Disclosure of Impeaching Information [Doc. 35], Request for Notice of Electronic Surveillance [Doc. 36], and Motion for Bill of Particulars [Doc. 39], and the government's Motion to Quash Rule 17 Subpoena. [Doc. 43] On July 30, 2008, the parties appeared before the Court for a hearing on the instant motions.[1] Attorney Craig P. Fickling appeared on behalf of defendant Melgar, and attorneys John Passanante, Randall E. Reagan,

---

[1] That same day, the Court also conducted an evidentiary hearing as to defendant Aguirre's Motion to Suppress Statements [Doc. 37] and defendant Aguirre's and defendant Mario Melgar's Joint Motion to Suppress Evidence. [Doc. 38] The suppression hearing was continued, however, to allow defense counsel to determine whether a legal conflict would prevent Mr. Regan and Mr. Gaines from representing defendant Aguirre in this matter. As of the entry of this Order, the completion of the evidentiary hearing is still pending and the Court has not yet taken the two suppression motions under advisement.

and Richard L. Gaines appeared on behalf of defendant Aguirre. Assistant United States Attorney Hugh B. Ward, Jr. appeared on behalf of the government. During the hearing, the Court heard argument as to the government's motion to quash [Doc. 43], and the parties stated that they relied on their briefs for the remainder of the motions. [Docs. 33, 34, 35, 36, 39] After the hearing, the Court took the motions under advisement and they are now ripe for adjudication. The Court will address each of the motions in turn.

I. **Request for Pretrial Disclosure of Rule 404(b) Evidence [Doc. 33]**

Defendant Aguirre moves the Court to require the government to disclose sixty days in advance of trial any evidence the government will seek to introduce at trial pursuant to Rule 404(b) of the Federal Rules of Evidence. The defendant contends that "[t]he disclosure of this information is necessary so that Mr. Jordan [sic] can meaningfully review the evidence and properly prepare to meet such evidence or seek its exclusion if justice so requires."[2] [Doc. 33 at p. 2]

The Court notes that its Order on Discovery and Scheduling states that:

> Upon request, the government shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any Rule 404(b)-type evidence it intends to introduce at trial. Unless otherwise ordered by the Court "reasonable notice" shall be deemed to be seven (7) calendar days before trial.

[Doc. 11 at ¶ I] The defendant's motion provides no specific reason why the Court should alter the deadline established in the Order on Discovery and Scheduling, nor did the defendant seek to offer such a reason during the hearing. Accordingly, the defendant's motion [Doc. 33] is hereby

---

[2] The Court assumes that the reference to "Mr. Jordan" is a typographical error and that the reference should have been to Mr. Aguirre.

**DENIED**. The deadline for the disclosure of Rule 404(b) shall remain as stated in the Court's Order on Discovery and Scheduling.

II. **Motion for Pretrial Production of Witness Statements [Doc. 34] and Motion for Disclosure of Impeaching Information [Doc. 35]**

Defendant Aguirre next moves the Court to compel the government to produce before trial the statements of any witnesses the government will call at trial, as well as any evidence which might impeach such witnessess. The Court notes that the Court's Order on Discovery and Scheduling directs the government to make any disclosures required under Brady v. Maryland, 373 U.S. 83 (1963). [Doc. 11 at ¶ E] The Order also states that "[t]he government is strongly encouraged to reveal Jencks Act materials to defense counsel as soon as possible and well before the testimony of government witnesses in order to avoid undue interruptions of trials." [Doc. 11 at ¶ O] The Court further notes that the Sixth Circuit has held that the disclosure of Jencks Act material that is also arguably Brady material is governed by the Jencks Act. See United States v. Bencs, 28 F.3d 555, 561 (6th Cir. 1994). In other words, when a witness' statement could qualify as either Brady material or Jencks Act material, the government is under no obligation to disclose that statement until after the witness has completed direct examination. And while there is some tension in the case law regarding whether the Court has the discretion to order the government to produce a witness list even though the Federal Rules of Criminal Procedure do not require it, compare United States v. Kendricks, 623 F.2d 1165, 1168 (6th Cir. 1980) (holding that the district court has the discretion to order the prosecution to produce a witness list), with United States v. Presser, 844 F.2d 1275, 1285 (6th Cir. 1988) (holding that Rule 16 provides no authority for compelling the government to disclose Brady material or any other evidence not required by the rule pretrial), the

Court does not find this case so unusual as to require such early disclosure. Accordingly, given the hierarchy of Jencks and <u>Brady</u>, the defendant's motions [Docs. 34, 35] are hereby **DENIED**.

III.     **Request for Notice of Electronic Surveillance [Doc. 36]**

Defendant Aguirre next moves the Court to compel the government to produce copies of any electronic surveillance of the defendant by law enforcement. The Court notes that its Order on Discovery and Scheduling requires the government to "state whether the defendant was an aggrieved person as defined in 18 U.S.C. § 2510(11), of any electronic surveillance, and if so, shall set forth in detail the circumstances thereof." [Doc. 11 at ¶ J] In addition, the government states in its response to the motion that no such surveillance was conducted as to the defendant. [Doc. 40 at p. 5] Accordingly, given that the Court has already Ordered the government to disclose such information, and the government has stated that no such information exists, the defendant's motion [Doc. 36] is **DENIED**.

IV.     **Motion for Bill of Particulars [Doc. 39]**

Defendant Aguirre next moves the Court to require the government to furnish a bill of particulars describing: all persons with whom defendant acted in concert during the course of the alleged offense, and persons otherwise present at all relevant conversations or transactions; the specifics of the role played by defendant Aguirre in the offense; and the exact date and location of the offense. The government opposes the motion, arguing that it has provided the defendant with the reports and the video camera footage of the traffic interdiction which led to the charges at issue and that defense counsel is not entitled to any further information.

In addressing the topic of bills of particulars, the Sixth Circuit has held that:

> [t]he purposes of a bill of particulars are to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution of the same offense when the indictment itself is too vague, and indefinite for such purposes.

United States v. Birmley, 529 F.2d 103, 108 (6th Cir. 1976). However, a bill of particulars may not be used as "a tool for the defense to obtain disclosure of all evidence held by the government before trial", nor as a means of gaining insight into the government's legal theories. United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993); United States v. Gabriel, 715 F.2d 1447, 1449 (10th Cir. 1983).

After a review of the Indictment [Doc. 9], the Court finds that the Indictment, coupled with the discovery in this case, specifically the video footage from Trooper Self's police cruiser, provide sufficient detail to the defendant to allow him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution of the same offense. Birmley, 529 F.2d at 108. Accordingly, the defendant's motion [Doc. 39] is **DENIED**.

**V.     Motion to Quash Rule 17 Subpoena.  [Doc. 43]**

The government moves the Court to quash the defendants' Rule 17(c) Subpoena compelling Tennessee Highway Patrol Trooper Mark Self to produce Vehicle Stop Data Forms. During the hearing, the government stated that Trooper Self was not in possession of such forms and further stated that such data has not been recorded by the Tennessee Highway Patrol since 2006. Defense counsel stated during the hearing that it had no reason to disagree with the government's statements.

Given that Trooper Self is not in possession of the documents sought by the defendants, the government's motion [Doc. 43] is hereby **GRANTED** and the defendants' Subpoena is hereby **QUASHED**.[3]

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[3] Given that the evidence sought by the subpoena does not exist, the Court need not, and does not, address the parties' arguments as the propriety of the defendants' Rule 17 Subpoena.